Filed 10/30/13  P. v. Torres CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B242735 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA095414) |
| v. | |
| JOSE NAPOLEON TORRES, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Steven D. Blades, Judge.  Affirmed.

———

Eber N. Bayona for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Linda C. Johnson and Michael Katz, Deputy Attorneys General, for Plaintiff and Respondent.

———

An information, dated December 1, 2011, charged Jose Napoleon Torres with three counts: (1) sodomy with a child 10 years of age or younger (Pen. Code, § 288.7, subd. (a)[1]) (count 1); (2) commission of a lewd act on a child under the age of 14 years (§ 288, subd. (a)) (count 2); and (3) continuous sexual abuse of a child under the age of 14 years (§ 288.5, subd. (a)) (count 3). After trial, the jury found Torres guilty on count 2, but not guilty on counts 1 and 3. The trial court sentenced Torres to a state prison term of six years, the midterm punishment for a violation of section 288, subdivision (a).

Torres appealed, contending (1) the evidence is insufficient to support his conviction on count 2; (2) the trial court erred by failing to give a unanimity instruction; and (3) the trial court did not properly state on the record its sentencing reasons. We reject his contentions and thus affirm the judgment.

## DISCUSSION

1. *Substantial Evidence Supports Torres's Conviction on Count 2*

In reviewing a challenge to the sufficiency of the evidence, we "consider the evidence in a light most favorable to the judgment and presume the existence of every fact the trier could reasonably deduce from the evidence in support of the judgment. The test is whether substantial evidence supports the decision, not whether the evidence proves guilt beyond a reasonable doubt. [Citation.]" (*People v. Mincey* (1992) 2 Cal.4th 408, 432, fn. omitted.) Substantial evidence is that which is "reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt." (*People v. Johnson* (1980) 26 Cal.3d 557, 578.)

Torres contends the evidence is insufficient to support his conviction on count 2 for committing a lewd act on a child under the age of 14. We disagree. According to the evidence, viewed in the light most favorable to the judgment, on January 6, 2011, Joanna, who was 10 years old, was a foster child living in the home Torres shared with his wife and adopted son. Luis and his sister Jennifer, two other foster children, also lived in the home at the time. On the afternoon of January 6, when Torres's wife was at work,

---

[1] Statutory references are to the Penal Code unless otherwise noted.

2

Joanna cut her finger while outside with Torres cutting down lemons.  Torres and Joanna went inside to tend to her finger, while Luis, Jennifer and Torres's son played in the backyard.  Luis testified that through the window he saw Torres and Joanna in Torres's bedroom.  Torres put something out of a container on his hand and private part and, with his pants and Joanna's pants down, stood behind her.  Luis also saw Torres touch the front of Joanna's private part with his finger.  Joanna said that Torres told her to go to his bedroom and took down his and her pants and underwear.  He directed her to bend over and put her hands on the bed.  He put a cream on his private part and stuck it in her back while moving back and forth.  After Joanna left the bedroom, she told Luis that Torres "was touching her and stuff."  Luis asked Joanna questions about the incident and recorded his conversation with her on a spy watch.  Later, Luis and Joanna told a social worker about the incident.  In addition, Stephanie, a foster child who had lived in Torres's home in 2004 when she was four years old, testified that on one occasion Torres had put his hand around her and "grabbed [her] front" under her clothing.  This evidence is sufficient to support the conviction.

Torres ignores this evidence and cites merely evidence that he believes the jury could have used to find him not guilty, such as the lack of any medical indications of penetration of Joanna's anus and what he terms Joanna's "wrong" answers to certain questions.  But we do not reweigh the evidence or assess witness credibility in evaluating a sufficiency of the evidence argument.  No basis, therefore, exists to reverse the conviction on count 2 for insufficient evidence.[2]

---

[2]     In his evidence sufficiency argument, Torres claims that CALCRIM No. 1110 does not sufficiently describe the specific intent required to commit a violation of section 288, subdivision (a).  We disagree.  The instruction directs the jury that, to convict the defendant under section 288, subdivision (a), it must conclude that the defendant "willfully touched any part of a child's body either on the bare skin or through the clothing" and "committed the act with the intent of arousing, appealing to, or gratifying the lust, passions, sexual desires of (himself/herself) or the child."  The instruction also tells the jury that "[s]omeone commits an act *willfully* when he or she does it willingly or on purpose.  It is not required that he or she intend to break the law, hurt someone else, or gain any advantage."  This language sufficiently informs the jury

2.      *The Trial Court Did Not Err by Failing to Give a Unanimity Instruction*

A criminal defendant's right to a jury trial includes the right to a unanimous verdict, including unanimous agreement on the act constituting the charged offense. (Cal. Const., art. I, § 16; *People v. Collins* (2001) 26 Cal.4th 297, 304.) "As a general rule, when violation of a criminal statute is charged and the evidence establishes several acts, any one of which could constitute the crime charged, either the state must select the particular act upon which it relied for the allegation of the information, or the jury must be instructed that it must agree unanimously upon which act to base a verdict of guilty. [Citation.] There are, however, several exceptions to this rule. For example, no unanimity instruction is required if the case falls within the continuous-course-of-conduct exception, which arises 'when the acts are so closely connected in time as to form part of one transaction' [citation], or 'when . . . the statute contemplates a continuous course of conduct of a series of acts over a period of time' [citation]. There also is no need for a unanimity instruction if the defendant offers the same defense or defenses to the various acts constituting the charged crime. [Citation.]" (*People v. Jennings* (2010) 50 Cal.4th 616, 679.) When required under the facts, even if not requested, a unanimity instruction

---

of the specific intent required to find a defendant guilty of a section 288, subdivision (a), violation. (*People v. Sigala* (2011) 191 Cal.App.4th 695, 701 & fn. 5.) Moreover, in addition to instructing under CALCRIM No. 1110, the trial court gave CALCRIM No. 252, directing the jury that "[t]he following crime requires a specific intent or mental state: Penal Code section 288(a), as charged in Count 2. For you to find a person guilty of this crime, that person must not only commit the prohibited act, but must do so with a specific intent. The act and the specific intent required are explained in the instruction for that crime." Based on CALCRIM Nos. 252 and 1110, the jury was sufficiently informed of the specific intent required to find Torres guilty under section 288, subdivision (a). Torres also contends the verdict form should have required the jury to make an affirmative finding of the specific intent to commit a section 288, subdivision (a), violation before it could convict him of the offense. Torres did not object to the verdict form at trial—indeed, he stated that he did not have any problems with it. He thus has forfeited any objection to it. (*People v. Jones* (1997) 58 Cal.App.4th 693, 715.) In any case, based on the direction to the jury in CALCRIM No. 252 that it could convict Torres on count 2 only if it found the requisite specific intent, no affirmative finding of specific intent was required to support the guilty verdict on count 2.

4

must be given by the court sua sponte. (*People v. Moore* (1986) 185 Cal.App.3d 1005, 1014.)

Torres contends the trial court was required to give a unanimity instruction on count 2 because the jury may not have "relied on the same specific acts in finding [him] guilty" on count 2. Count 2 involved the commission of a lewd act on a child under the age of 14 years based on the incident on January 6, 2011 when Torres took Joanna into his bedroom after she had cut her finger. The evidence demonstrates that the acts that occurred in the bedroom, such as Torres's touching Joanna's private part with his finger and putting his penis against her from behind, were so closely connected that they were part of one transaction. Luis testified that he saw Torres with Joanna while looking through the bedroom window for a "few seconds." When he came into the house after seeing them, heading to his room, Torres and Joanna exited the bedroom. Joanna's testimony also supports that Torres's conduct toward her in the bedroom was within a short span of time and not separated by other events. As a result, the continuous-course-of-conduct exception applies, rendering a unanimity instruction unnecessary.

A unanimity instruction also was unnecessary based on the same-defense exception. Torres testified that he had not committed any of the acts against Joanna on January 6, 2011. According to Torres, he did not touch Joanna's private part, nor did he pull down his or her pants while in the bedroom. Torres thus offered the same defense to what he claims constituted various acts that could have supported the guilty verdict on count 2, and the trial court was not required to give a unanimity instruction.

Torres complains that the trial court should have given a unanimity instruction on count 2 because it told the jury that "you do not all need to agree on which three acts were committed." That instruction, however, related only to the necessary elements of proof for the continuous sexual abuse charge in count 3 on which the jury found Torres not guilty. The court did not give the jury that instruction as to count 2 on which the jury found Torres guilty. The instruction regarding the continuous sexual abuse charge on count 3 did not require the trial court to give a unanimity instruction on count 2.

3. *No Reversible Error Exists Based on the Trial Court's Pronouncement of Sentence*

Torres contends that reversible error exists based on a failure by the trial court at sentencing to state its reasons for selecting the midterm punishment. Torres forfeited this contention by failing to raise it in the trial court. (*People v. Scott* (1994) 9 Cal.4th 331, 353 [forfeiture applies to "claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices[,] [i]nclud[ing] . . . fail[ing] to state any reasons"]; *People v. Ortiz* (2012) 208 Cal.App.4th 1354, 1371 ["defendant, or his or her counsel, must object at the time of sentencing if the trial court does not state any reasons or a sufficient number of reasons for a sentencing choice"].)

In any case, Torres's contention lacks merit. Before sentencing, the trial court stated that it had "received, read and considered the probation report, the Static 99 report, and the sentencing memoranda from the People and the defendant." The court then selected the midterm punishment because, "[i]n looking at the People's sentencing memorandum, there are factors in [aggravation] that I think could justify a high term. This is a situation where the defendant was a foster parent, the victim was ten years old, was a foster child, the defendant was 62 years of age, so significant age difference. The defendant testified in this case and denied any wrongdoing, and the jury obviously didn't believe him as to Count 2. The part I struggled with was [Stephanie]. She was the [Evidence Code section] 1109 witness . . . who was four years old when she was allegedly abused by the defendant, and in watching her testify she was a very frightened little girl. But the jury had only to consider her testimony by preponderance of the evidence with regard to 1109, and in using that as any potential factor in aggravation, I don't know because the jury had the lower burden that that could actually be used as a factor in aggravation. If it was a fact found by the jury beyond a reasonable doubt, I think it would have been a factor in aggravation that would more than have justified a high term, but because of what I just said I'm not sure it could be used as an aggravating factor to justify the high term. I'm not going to go through them all, but the other points raised by the People in their sentencing memorandum I think are valid. There was this violence, emotional and physical to the victim, there was planning and sophistication to

6

the crime because the crime occurred when . . . the defendant's wife was out of the house. And I think that there was this position of trust or confidence that is obvious by the fact that the defendant was a foster parent and the victim was a foster child. Obviously this indicates a great danger to society. The factor in mitigation is that the defendant has no prior record of any convictions, so that's why I selected the mid term." This explanation satisfies the court's duty to state its reasons for its sentencing selection.[3]

---

[3] Torres additionally contends that section 1170, which provides the procedure for discretionary sentencing, violates the federal constitution because it allows a trial court to increase a defendant's sentence based on facts not found true beyond a reasonable doubt by the jury. We disagree. As the Supreme Court has recognized, "'when a trial judge exercises his discretion to select a specific sentence within a defined range, the defendant has no right to a jury determination of the facts that the judge deems relevant.' [Citations.]" (*People v. Sandoval* (2007) 41 Cal.4th 825, 844, citing *Cunningham v. California* (2007) 549 U.S. 270, 294.) Here, the trial court selected the midterm in sentencing Torres, within the defined range for a conviction under section 288, subdivision (a). Torres's constitutionality argument, therefore, fails.

## DISPOSITION

The judgment is affirmed.

<u>NOT TO BE PUBLISHED</u>.


ROTHSCHILD, Acting P. J.

We concur:


CHANEY, J.


JOHNSON, J.

8